EXHIBIT A

# Case Information

## SHERIAN DARDEN VS.GLOBAL EXPERIENCE SPECIALISTS, INC. D/B/A GES

22EV000791

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Fulton State Court (sub) | Civil | Tort - Other | 2/4/2022 |

| Judge | Case Status |
|---|---|
| Morrison, Jane | Open (Open) |

## Parties 2

| Type | Name | Attorneys |
|---|---|---|
| DEFENDANT | GLOBAL EXPERIENCE SPECIALISTS, INC. D/B/A GES | |
| PLAINTIFF | SHERIAN DARDEN | VONDELLA SMITH |

## Events 5

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 2/4/2022 | Filing | Discovery | DISCOVERY REQUESTS | Darden- Discovery.pdf |
| 2/4/2022 | Filing | Discovery | ADMISSIONS | Darden- Admissions.pdf |
| 2/4/2022 | Filing | Summons | GES- SUMMONS | Darden- GES Summons.pdf |
| 2/4/2022 | Filing | Complaint | COMPLAINT | Darden- Complaint.pdf |
| 2/4/2022 | Filing | Case Initiation Form | Case Filing | General-Civil-Case-Filing-Information-Form.pdf |

© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.2.0.10061

EMPOWERED BY TYLER TECHNOLOGIES

State Court of Fulton County
**E-FILED**
22EV000791
2/4/2022 8:02 AM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ■ State Court of FULTON County

For Clerk Use Only

Date Filed ____________ Case Number ____________
MM-DD-YYYY

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DARDEN | SHERIAN | | | | GLOBAL EXPERIENCE SPECIALISTS, INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney VONDELLA SMITH Bar Number 811977 Self-Represented ☐

Check one case type and one sub-type in the same box (if a sub-type applies):

### General Civil Cases

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ■ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

### Domestic Relations Cases

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support - IV-D
- ☐ Support-Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

____________ Case Number ____________ Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A.§ 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

____________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Fulton County
**E-FILED**
22EV000791
2/4/2022 8:02 AM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY** | **DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** ______________________________

SHERIAN DARDEN
3395 RENAULT RD
ATLANTA GA 30354
Plaintiff's Name, Address, City, State, Zip Code

vs.

GLOBAL EXPERIENCE SPECIALISTS, INC.
230 PEACHTREE ST., SUITE 1750
ATLANTA GA 30303
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $____________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $____________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $____________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ __________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _________________ | |

Registered Agent: C T Corporation System
289 S Culver St. Lawrenceville GA 30046

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Law Office of W. Calvin Smith II PC/ Vondella Smith

Address: 3560 Lenox Rd. NE, Ste. 3020

City, State, Zip Code: Atlanta GA 30326 Phone No.: 404 842-0999

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

---

***SERVICE INFORMATION:***

Served, this _______ day of ___________________, 20______. ________________________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ____________________________________________________________

____________________________________________________________________________

This _________ day of ______________________, 20_____. ________________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV000791
2/4/2022 8:02 AM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHERIAN DARDEN,<br>Plaintiff.<br><br>vs.<br><br>Global Experience Specialists, Inc. DBA GES.<br>Defendant. | CIVIL ACTION FILE No: |

**COMPLAINT**

COMES NOW, SHERIAN DARDEN, Plaintiff in the above-styled action, and hereby states her complaint against the Defendant as follows:

PARTIES

1.

Plaintiff Darden is resident of Atlanta, Fulton County, Georgia.

2.

Defendant Global Experience Specialists Inc. ("Defendant GES") is a for-profit, Nevada corporation licensed to do business in the State of Georgia and transacts business in Douglas, Gwinnett, and Fulton Counties, Georgia, and therefore, is subject to the jurisdiction of this Court. The Defendant may be served with a copy of the Summons and the Complaint through the Registered Agent: C T Corporation System, 289 S Culver St, Lawrenceville GA 30046.

3.

At all times relevant to this complaint, Defendant was engaged in the event planning business, and in furtherance of that business, kept and maintained a place of business which, upon information and belief, is located 230 Peachtree St., Suite 1750, Atlanta GA 30303 wherein it

operated and offered to the general public event planning for sale. The general public was specifically invited to enter said place of business.

4.

By virtue of the facts alleged herein, venue of this action is properly laid in this Court, pursuant to Article VI, Section II, Paragraph VI of the 1983 Constitution of the State of Georgia and O.C.G.A. § 14-2-510(a) and (b)(3).

STATEMENT OF FACTS

5.

Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

6.

On or about March 10, 2020, Plaintiff was working at the Georgia World Congress Center, which, upon information and belief, is located at 325 Andrew Young International Blvd., Atlanta GA 30313.

7.

Defendant was hired to put up the signs in the Georgia World Congress Center for the event at which Plaintiff was working.

8.

The existence of this hanging sign created a dangerous and hazardous condition of which Defendant, by and through its employees, had actual or constructive knowledge, and which could not have become known to Plaintiff in the exercise of reasonable care and diligence on her part.

9.

Plaintiff was sitting at a table working when a sign the Defendant hung up fell on her causing serious injuries to Plaintiff.

10.

Defendant negligently hung up the sign that fell on Plaintiff.

11.

Additionally, as alleged herein above, Defendant negligently failed to inspect the premises and keep them safe, and negligently failed to have in place sufficient policies, practices and procedures, which, in the exercise of ordinary care and diligence, would have prevented the occurrence of which Plaintiff complains.

12.

Defendant was negligent by failing to train and instruct its employees in the proper practices and procedures for inspecting and maintaining the Defendant's signs.

13.

Defendant was negligent by failing to properly train and instructs it employees in the proper practices for putting up the signs.

14.

Defendant was otherwise negligent.

15.

As a direct and proximate result of the negligence of the Defendant, its agents, servants and/or employees, Plaintiff suffered serious physical pain and mental anguish and serious bodily injuries. As a proximate result of the negligence of the Defendant, its agents and employees, Plaintiff has experienced pain and suffering and continues to experience pain and suffering and mental anguish in the future. Plaintiff shows that the direct and proximate cause of the injuries and damages complained of herein were due to the acts and omissions of Defendant as set forth herein.

16.

Plaintiff has incurred past medical expenses and may incur additional medical expenses for

his care and treatment in the future. Plaintiff is entitled to recover from Defendant for past and future medical expenses in an amount to be proven at trial.

17.

Plaintiff has incurred lost wages, as she has missed work to attend medical treatment as a result of his injuries.

18.

Plaintiff is entitled to recover from Defendant in an amount to be determined by the jury at trial for past, present and future pain and suffering in an amount to be proven at trial.

## DAMAGES

19.

Plaintiff Darden incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

20.

As a result of Defendant's negligence, Plaintiff states her intention to seek all special, compensatory, general, incidental, consequential, economic, and other damages permissible under the laws of the State of Georgia, including but not limited to:

a. Personal injuries

b. Pain and suffering

c. Mental anguish, fright, shock, and terror;

d. Future lost wages and earning capacity; and

e. Consequential damages to be proven at trial.

## TRIAL BY JURY

WHEREFORE, Plaintiff DARDEN prays as follows:

(a) That process issue to Defendant as required by law;

(b) That Plaintiff has judgment against Defendant, in an amount to be proven at trial, for past and future medical expenses;

(c) That Plaintiff has judgment against Defendant in an amount to be determined at trial for past, present and future pain and suffering in an amount as determined by the jury at trial;

(d) That Plaintiff has judgment against Defendant, in an amount to be determined by an enlightened conscience of a jury at trial, for reduced earning capacity and/or lost wages;

(e) That Plaintiff be awarded reasonable attorney's fees;

(f) That Plaintiff has a trial by jury on all issues so triable; and

(g) That Plaintiff has such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted this___4th___ day of February, 2022.

W. CALVIN SMITH, II, P.C.

_/s/ Vondella Smith____
Vondella Smith, Esq.
GA Bar No. 811977
Attorney for Plaintiff

3560 Lenox Road NE
Suite 3020
Atlanta, GA 30326
Phone: (404) 842-0999
Fax: (404) 842-1498

State Court of Fulton County
**E-FILED**
22EV000791
2/4/2022 8:02 AM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHERIAN DARDEN,<br>Plaintiff.<br><br>vs.<br><br>Global Experience Specialists, Inc. DBA GES.<br>Defendant. | CIVIL ACTION FILE No: |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-36 of the Georgia Civil Practice Act, Plaintiff requests that the Defendant respond in the time and manner required by law to the following requests for admissions.

Answers should specifically deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that they have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny. Defendant is advised that if it fails to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Please Admit:

1.

Admit that Defendant is the owner or proprietor of said GES that installed/ put up the signs for the event in which Plaintiff worked at the Andrew Young International Congress Center (hereinafter referred to solely as the "premises").

2.

Admit that the Plaintiff was hit by a sign that the Defendant's employees put up/ installed on the premises.

3.

Admit that Defendant failed to use ordinary care to keep the premises safe.

4.

Admit The State Court of Fulton County has jurisdiction.

5.

Admit The State Court of Fulton County is the proper venue.

6.

Admit that Defendant should have known of the dangerous condition created by the sign hanging over the Plaintiff's body prior to Plaintiff's incident.

7.

Admit that the hazardous condition on the premises lasted so long that Defendant should have discovered the hazardous condition.

8.

Admit that an employee of the Defendant was in the immediate vicinity of the hazardous condition and could have discovered it.

8.

Admit that Plaintiff complained of injuries at the scene of the accident.

9.

Admit that Defendant has an inspection policy to monitor dangerous/ hazardous conditions on the premises.

10.

Admit that there was an inspection policy in place when Plaintiff was injured.

11.

Admit that Plaintiff requested a copy of the inspection procedures or guidelines but Defendant has not provided a copy.

12.

Admit that Plaintiff was injured by your falling sign on 3.10.2020.

13.

Admit that Defendant made an incident report.

14.

Admit that Plaintiff complained of pain after your sign fell on her on 3.10.2020.

15.

Admit that Defendant was the entity responsible for monitoring, removing, or warning of any hazardous /dangerous signs at the premises.

16.

Admit that the Defendant did not ask any of its agent or employees to check the sign prior

to Plaintiff's fall on 3.10.2020.

17.

Admit that Plaintiff did not in any way contribute to the incident alleged in the complaint.

18.

Admit that Defendant has within the past five (5) years made similar incident reports in connection to fallen signs.

19.

Admit that Defendant has given reprimands to any of its employees for failure to maintain a safe usage and/or hanging of signs on premises.

20.

Admit that Defendant did not follow guidelines or policies that requires inspection by its employees to maintain a safe usage and/or hanging of signs on premises.

21.

Admit that Defendant failed to maintain warning signs around the subject signs referenced in the complaint prior to Plaintiff's incident.

22.

Admit that Plaintiff did nothing to contribute to this incident.

Respectfully submitted, this 4th day of February, 2022.

*[Signature on following page]*

W. CALVIN SMITH II P.C.

V. Smith

Vondella Smith
Georgia Bar No. 811977
Attorney for Plaintiff

W. CALVIN SMITH II, P.C.
3560 Lenox Road N.E.
Suite 3020
Atlanta, GA 30326
(404) 842-0999

**IN THE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHERIAN DARDEN,<br>Plaintiff.<br><br>vs.<br><br>Global Experience Specialists, Inc. DBA GES.<br>Defendant. | CIVIL ACTION FILE No: |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon Defendant a copy of the foregoing **Plaintiff's First Requests for Admissions to Defendant,** by depositing same in the U.S. mail with adequate postage affixed to and addressed as follows:

**GES**
**Registered Agent: C T Corporation System**
**289 S Culver St., Lawrenceville GA 30046**

Respectfully submitted, this 4th day of February, 2022.

W. CALVIN SMITH II P.C.

V. Smith

Vondella Smith
Georgia Bar No. 811977
Attorneys for Plaintiff

W. Calvin Smith II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA 30326
(404) 842-0999

State Court of Fulton County
**E-FILED**
22EV000791
2/4/2022 8:02 AM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHERIAN DARDEN,<br>Plaintiff.<br><br>vs.<br><br>Global Experience Specialists, Inc. DBA GES.<br>Defendant. | CIVIL ACTION FILE No: |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT**

NOW COMES SHERIAN DARDEN, Plaintiff in the above-styled case, and requires that the Defendants answer under oath the following interrogatories within thirty (30) days from the date of service, as provided by law, and that a copy of the Answers be sent to the Plaintiff's attorney, Vondella Smith, Esq. at W. Calvin Smith II, P.C., Attorneys At Law, 3560 Lenox Road NE, Suite 3020, Atlanta, GA 30326.

NOTE A: When using these interrogatories, the term "Defendants" or any synonym thereof, is intended to and shall embrace and include in addition to the named Defendants, all agents, servants, employees, representatives, investigators, or other persons or agencies who are in possession of, or may have obtained information for or on behalf of the Defendants.

NOTE B: These interrogatories shall be deemed continuing and supplemental answers shall be required if the Defendants obtain further information of the nature sought herein between the time Interrogatories are served and the time of trial.

NOTE C: When used in these interrogatories, the terms "You" and "Your" are intended to, and shall embrace and include in addition to you, the named party to whom they are directed, your attorney, any and all agents, employees, representatives, private investigators, and others

who are in possession of, or may have obtained information for or on your behalf.

NOTE D: All questions relate to the facts and circumstances surrounding the occurrence described in Plaintiff's Complaint.

1.

Please identify the name, address, telephone number, and title of the person (s) that is answering these Interrogatories on behalf of Defendant.

2.

Please identify each person who actually witnessed the incident that is the subject matter of the Complaint.

5.

Please identify each person who appeared on the scene of the incident immediately after the incident that is the subject matter of the Complaint.

6.

Please identify all other persons who appeared at the scene because of the incident that is the subject matter of the Complaint.

7.

Please identify all other known persons not otherwise mentioned in your responses to these Interrogatories who have any knowledge of the incident and the facts that form the basis of Plaintiff's Complaint.

8.

If you contend that Defendant in this case is improperly identified, state the proper name, address, and registered agent of the entity you contend is the proper party.

9.

Provide a detailed factual basis for each defense asserted by the Defendant in its Answer to Plaintiff's Complaint.

10.

If you contend or believe that some other person or entity is liable to the Plaintiff in this case because of the incident described in Plaintiff's Complaint, please identify that person or entity.

11.

Please identify any person you may call at trial as an expert witness, providing a detailed statement of each expert's opinions, the facts upon which that expert relies, and an identification of any documents upon which the expert bases his or her opinions.

12.

If any of the experts identified in response to Interrogatory No. 11 have ever been retained by Defendant for any case, please identify the cases and provide the name of the case, the case style and caption, and the addresses of the lawyers involved in those other cases.

13.

Please identify the insurance carrier and policy information that is attached to the property which is the subject matter of this litigation.

14.

Please identify all signs, postings and other warnings utilized by Defendant to prevent the incident described in Plaintiff's Complaint.

This __4th__ day of February, 2022.

V. Smith

Vondella Smith, Esq.
Georgia State Bar No. 811977

W. Calvin Smith, II, P.C.
3560 Lenox Road NE
Suite 3020
Atlanta, GA 30326
(404)842-0999

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES NOW, SHERIAN DARDEN, Plaintiff in the above-styled civil action, and requires that the Defendants produce the following documents within thirty (30) days from the date of service, as provided by law, and that a copy of the Answers be sent to the Plaintiff's attorney, Vondella Smith, Esq. at W. Calvin Smith II, P.C., Attorneys At Law, 3560 Lenox Road NE, Suite 3020, Atlanta, Georgia 30326.

As used herein, the terms listed below mean the following:

NOTE A: "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

NOTE B: When using these requests, the term "Defendant" or any synonym thereof, is intended to and shall embrace and include in addition to the named Defendant, all agents, servants, employees, representatives, investigators, or other persons or agencies who are in possession of, or may have obtained information for or on behalf of the Defendant.

NOTE C: These requests shall be deemed continuing and supplemental answers shall be required if the Defendant obtains further information of the nature sought herein between the time these requests are served and the time of trial.

NOTE D: When used in these requests, the terms "You" and "Your" are intended to, and shall embrace and include in addition to you, the named party to whom they are directed, your attorney, any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained information for or on your behalf.

NOTE E: All questions relate to the facts and circumstances surrounding the occurrence described in Plaintiff's Complaint.

1.

Please produce a copy of the incident report made by Defendant in connection with the incident.

2.

Please produce copies of all statements given to Defendant by any witnesses to the incident, including Plaintiff.

3.

Please produce copies of all documents that provide all factual support for each defense asserted by Defendant in its Answer to Plaintiff's Complaint.

4.

Please produce copies of all documents relied upon by any expert identified in response to Interrogatory No. 11.

5.

If in response to Interrogatory No. 12 you identify an expert that Defendant has used before in any litigation involving injuries to customers or Defendant's employees, please produce all depositions and affidavits given by that expert while retained by you.

6.

Please produce a copy of all letters sent to Defendant by customers that complained of falling signs hung by the Defendant.

7.

Please produce copies of all incident reports prepared by Defendant in regards to falling signs.

8.

Please produce all of Defendant's guidelines, policy manuals, operating directives and other writings that pertain to the maintenance of safe premises.

9.

Please produce all technical bulletins or directives sent by Defendant's headquarters to Defendant's premises at the location of the incident about guidelines, policies, and operating directives that pertain to safety.

10.

Please produce all correspondence between Defendant and anyone that pertains in any way to the incident described in the Complaint.

11.

Please produce all correspondence between Defendant and anyone that pertains in any way to premises safety.

12.

Please produce copies of all manuals, guidelines, instructions, training documents, and directions of any sort given by Defendant to its employees concerning the safe maintenance of the premises involved in the incident that is the subject matter of the complaint.

13.

Please produce copies of any reprimands given by Defendant to any of its employees for failure to maintain safe premises or other safety violations.

14.

Please produce copies of any reprimands given by Defendant to any of its employees arising out of the incident that is the subject matter of the Complaint.

15.

Please produce any photographs and videotapes taken by or in possession of Defendant in connection with the incident and injuries detailed in Plaintiff's Complaint.

16.

Please produce a copy of all depositions taken of any of Defendant's employees, managers or officers in any lawsuit against Defendant in which it was alleged that an individual was injured as a result of a falling sign on the premises. NOTE: "Deposition" means the transcript, any available miniscript and all exhibits to that deposition.

17.

Please produce a copy of all safety training videos used by Defendant to train its personnel.

18.

Please produce copies of all documents, manuals, guidelines and other policies in which

Defendant directs or requires the use of inspections by its employees and/or agents in regards to maintaining safe premises.

19.

Please produce copies of all documents in which Defendant has directed its employees on the proper use of warning signs, including but not limited to any documents discussing which warning signs to use, when to use the signs and where to use the signs.

20.

Please produce all documents produced or generated by Defendant about all training including, but not limited to, all safety training, safety tests, safety evaluations, and safety test results given to the employees where the incident occurred.

This __4th____ day of February, 2022.

V. Smith

Vondella Smith, Esq.
Georgia State Bar No. 811977

W. Calvin Smith, II, P.C.
3560 Lenox Road NE
Suite 3020
Atlanta, GA 30326
(404)842-0999

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**
:

| | |
|---|---|
| SHERIAN DARDEN,<br>Plaintiff.<br><br>vs.<br><br>Global Experience Specialists, Inc. DBA GES.<br>Defendant. | CIVIL ACTION FILE No: |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel for Defendant a copy of the foregoing **Plaintiff's First Interrogatories and Requests for Production of Documents to Defendant** by depositing the same in the U.S. mail with adequate postage affixed to and addressed as follows:

**GES**
**Registered Agent: C T Corporation System**
**289 S Culver St., Lawrenceville GA 30046**

This __4th____ day of February, 2022.

V. Smith
_______________________
Vondella Smith, Esq.
Georgia State Bar No. 811977

W. Calvin Smith, II, P.C.
3560 Lenox Road, NE
Suite 3020
Atlanta, GA 30326
(404)842-0999

**IN THE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SHERIAN DARDEN,<br>Plaintiff.<br><br>vs.<br><br>Global Experience Specialists, Inc. DBA GES.<br>Defendant. | CIVIL ACTION FILE No: |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon Defendant a copy of the foregoing **Plaintiff's Complaint, First Requests for Admissions, and Interrogatories to Defendant,** by service of process to and addressed as follows:

**GES**
**Registered Agent: C T Corporation System**
**289 S Culver St., Lawrenceville GA 30046**

Respectfully submitted, this 4th day of February, 2022.

W. CALVIN SMITH II P.C.

V. Smith

Vondella Smith
Georgia Bar No. 811977
Attorneys for Plaintiff

W. Calvin Smith II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, GA 30326
(404) 842-0999